IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC LYONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-75E |
| | ) |
| LT. JOSEPH EMERICK, CAPT. JAMES SKINDELL, DET. G. MCSHANE, SHAWN VAN SLYKE, OFFICER J. DIBELLO, CATHY LEOPOLD, GEORGE WELLSBY, and OFFICER McLAUGHLIN, | ) Judge McLaughlin ) Magistrate Judge Baxter ) ) Electronically Filed ) ) |
| Defendants. | |

**DEFENDANT SHAWN VANSLYKE'S REPLY BRIEF
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

In his response to defendant Shawn VanSlyke's motion for summary judgment, *pro se* plaintiff Eric Lyons does not dispute that the statute of limitations has expired on his only remaining claim. (*See* Pls' Resp. at 4.) Plaintiff argues, however, that the limitations period should be equitably tolled because prison officials "deliberately" delayed processing of his *in forma pauperis* ("IFP") forms, thereby preventing him from meeting the filing deadline. (*See id.* at 16.) This excuse is not enough to satisfy the "extraordinary" circumstances required for equitable tolling. Courts have determined that routine aspects of prison life – such as difficulties in obtaining legal forms – are not sufficiently extraordinary to warrant equitable tolling. Further, the prison officials' alleged delays did not prevent plaintiff from asserting his rights, because the caselaw provides that a complaint is timely even if submitted without a filing fee or IFP application, provided that one or the other is submitted within a reasonable time and there is no bad faith. Because the statute of limitations has expired on plaintiff's claim, and for the other

reasons discussed in defendant VanSlyke's opening brief, this Court should enter summary judgment in favor of defendant VanSlyke and against plaintiff.[1]

## ARGUMENT

I. **The Prison's Alleged Delays In Returning Plaintiff's IFP Forms Do Not Constitute "Extraordinary" Circumstances Sufficient To Toll The Statute Of Limitations**

Plaintiff points out that the Third Circuit has recognized three situations in which statutes of limitations may be equitably tolled, including "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights." (Pl. Resp. at 16) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir. 1994)). He argues that the prison officials' alleged delay in returning his IFP forms constitutes such "extraordinary" circumstances and that the statute of limitations should be equitably tolled. But the caselaw does not support his conclusion.

It is well-established that equitable tolling is justified only in rare and limited circumstances. "Federal courts invoke the doctrine of equitable tolling 'only sparingly,' and will not toll a statute because of 'what is at best a garden variety claim of excusable neglect' on the

---

[1]Plaintiff's arguments as to his excessive force claim were sufficiently dealt with in defendant's opening brief and will not be repeated here. Nonetheless, defendant needs to correct plaintiff's erroneous statement that "there is no actual injury component to an excessive force claim." (Pl. Resp. at 20.) As defendant explained in detail, the proper test in evaluating an excessive force claim is the "reasonableness standard" set forth in *Graham v. Connor,* 490 U.S. 386, 395 (1989). (VanSlyke Br. at 19-20.) As such, the Third Circuit has determined that the lack of a serious physical injury is a factor in determining whether excessive force was used. *See Sharrar v. Fesling,* 128 F.2d 810, 821 (3d Cir. 1994) (stating that "the fact that the physical force applied was of such an extent as to lead to injury is indeed a relevant factor to be considered as part of the totality."); *Mellott v. Heemer,* 161 F.3d 117, 123 (3d Cir. 1998) (force used was objectively reasonable in light of, among other things, "the lack of any physical injury to the plaintiffs."). Additionally, plaintiff's assertion that he was not actively resisting is contradicted by his admissions at deposition that no amount of force would have made him submit. (*See* VanSlyke Br. at 24-25.)

part of the [petitioner]." *United States v. Midgely,* 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). In considering whether equitable tolling should apply, the Supreme Court has cautioned that "[p]rocedural requirements . . . are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984). Plaintiff cannot meet this heightened standard.

None of the cases cited by plaintiff actually found "extraordinary" circumstances sufficient to justify equitable tolling. (*See* Pl. Resp. at 16-17.) In *Oshiver,* the Third Circuit made clear that its discussion was limited to another of the three situations in which equitable tolling may be appropriate. *See* 38 F.3d at 1387, n. 6 ("Our discussion of equitable tolling in this case is germane only to those cases in which the doctrine is considered in connection with a defendant's deception regarding the plaintiff's cause of action."). The only other case he cites, *Miller v. New Jersey Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir. 1998), merely found that the statute at issue was subject to equitable tolling and, therefore, remanded for consideration of whether equitable tolling applied.

Moreover, the caselaw belies plaintiff's argument that he is entitled to equitable tolling. In a strikingly similar case, *Garrick v. Vaughn*, No. Civ. A. 00-4845, 2003 WL 22331774 (E.D.Pa. Sept. 5, 2003), the plaintiff had argued that equitable tolling should apply even though his complaint was six days late because (i) he could not obtain the necessary number of habeas forms from the prison library or the Clerk of Courts' office, and (ii) he had to obtain an IFP account certification. Rejecting these contentions, *Garrick* pointed out that the plaintiff failed to allege that the prison lacked the proper forms during the entire year when he could have

timely filed his complaint. *Id.* at *3. Further, the IFP requirement "is not an extraordinary circumstance" because "all prisoners who wish to have their federal habeas filing fees waived need to complete such a form." *Id.* The court explained that "[r]outine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances must be taken into consideration by a prisoner in deciding when to file a federal petition because these 'do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations.'" *Id.* at *4 (quoting *Atkins v. Harris,* No. 98-3188, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999)). It went on to specifically reject the plaintiff's purported reason for his late filing: ***"Such an excuse as a lack of legal forms or a difficulty in obtaining them during a full year, is not acceptable."*** *Id.* (emphasis added); *see also Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir. 1999) (prison law library's failure to receive text of statute until 43 days after its enactment was insufficient for equitable tolling); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (denying equitable tolling and stating, "[i]t is not enough to say that the [prison] lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate" ); *United States v. Van Poyck,* 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (assertion that the petitioner "has been unable to access the prison's purportedly small law library for an unspecified period of days" insufficient to equitably toll the limitations period).

The same result should pertain here. Indeed, plaintiff Lyons had even more time to obtain his forms than the plaintiff in *Garrick*, because the statute of limitations on plaintiffs' claim is a year longer than the period for filing a habeas petition. Plaintiff alleges that the forms were delayed for only about two weeks – far less than the two years he was given to complete them. Like the *Garrick* plaintiff's difficulty in obtaining habeas forms, plaintiff's the delay in

obtaining executed IFP forms is a "routine aspect of prison life" and does not rise to the level of "extraordinary circumstances" necessary to equitably toll the statute of limitations.

## II. Plaintiff Could Have Filed His Complaint Alone, Provided That He Subsequently Filed The IFP Application Within A Reasonable Time

Additionally, equitable tolling is not warranted because the alleged delays in returning plaintiff's IFP application did not prevent him from asserting his rights. The Third Circuit recently confirmed that a complaint is timely "regardless of whether payment or an IFP application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith." *Harris v. Vaughn,* 129 Fed. Appx. 684, 690 (3d Cir. 2005); *accord, Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999) (explaining that "for statute of limitations purposes, an inmate's petition for habeas relief need not be accompanied by the required filing fee or IFP application, so long as one or the other is sent within a reasonable time after the petition and there is no evidence of bad faith on Petitioner's part.").

Plaintiff makes much of the "Instructions for Filing a Complaint By a Prisoner Under The Civil Rights Act, 42 U.S. 1983," which indicated that his complaint must be accompanied by the filing fee or an IFP application. But the instructions cannot justify his failure to comply with the statute of limitations. As the *Garrick* court put it, "[i]gnorance of the law is no excuse; it is not a reason for equitable tolling." 2003 WL 22331774 at *3. Moreover, a brief review of plaintiff's response demonstrates that he is anything but ignorant. Although his arguments are incorrect, they are cogent and sophisticated. Plaintiff is much more knowledgeable than a typical *pro se* litigant, and he could have easily determined that it was

permissible to file his complaint alone, provided that he subsequently filed the IFP application within a reasonable time.[2]

## CONCLUSION

For all the foregoing reasons, as well as those stated in defendant Shawn VanSlyke's opening brief, the Court should enter summary judgment in favor of defendant VanSlyke and against plaintiff in this case.

Respectfully submitted,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY

/s/ Megan E. Farrell
MEGAN E. FARRELL
Assistant U.S. Attorney
Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant St., Suite 4000
Pittsburgh, PA 15219
(412) 894-7429
Pa. Bar ID # 76972

Counsel for Defendant Shawn VanSlyke

Dated: August 12, 2005

---

[2] Although *Harris* was not yet decided at the time the statute of limitations expired on plaintiff's claim, there was already sufficient caselaw from other circuits that would have allowed plaintiff to make the argument that his complaint was timely regardless of whether it was accompanied by a filing fee or IFP application. *See Harris,* 129 Fed. Appx. at 689-690 (citing cases).

## CERTIFICATE OF SERVICE

I hereby certify that I have served this date a copy of the within Reply Brief in Support of Defendant Shawn Van Slyke's Motion for Summary Judgment by first class U.S. mail or electronic filing upon the following:

Eric Lyons
EX1127
SCI Huntingdon
1100 Pike St.
Huntingdon, PA 16654

Gerald J. Villella, Esq.
Office of the Erie City Solicitor
626 State St., Room 505
Erie, PA 16501

George Wellsby
1177 East Gore Rd.
Erie, PA 16504

/s/ Megan E. Farrell
MEGAN E. FARRELL
Assistant United States Attorney

Date: August 12, 2005