IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC J. LYONS,**     **Plaintiff,** ) | |
| ) | |
| v. ) | C.A. No. 03-75 Erie |
| ) | **District Judge McLaughlin** |
| ) | **Magistrate Judge Baxter** |
| ) | |
| **LT. JOSEPH EMERICK, et al.,** ) | |
|     **Defendants.** ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that:

    a)     the motion to dismiss filed by Defendant Wellsby [Document # 109] be DISMISSED as moot in light of the statute of limitations analysis herein;

    b)     the motion for leave to file an amended complaint filed by Plaintiff [Document # 111] be DENIED AS FUTILE;

    c)     the motion for summary judgment filed by Defendant Van Slyke [Document # 113] be GRANTED; and

    d)     the motion for summary judgment filed by Defendants Emerick, Skindell, McShane, DiBello and McLaughlin [Document # 117] be GRANTED.

This Court further recommends that the remainder of this action (i.e., the claims against Defendant Wellsby) be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c) for Plaintiff's failure to state a claim upon which relief may be granted.

By separate Order filed this day, Plaintiff's motion to compel [Document #112] is denied as Plaintiff's discovery requests are not germane to the statute of limitations analysis.

1

**II.     REPORT**

    **A.     Introduction**

On March 11, 2003, Plaintiff, an inmate incarcerated within the State Correctional system of Pennsylvania, filed the instant civil rights action. Named as Defendants are: Lt. Joseph Emerick, Captain James Skindell, Detective G. McShane, Officer J. DeBello, and Officer McLaughlin, all of the Erie Police Department (hereafter, "City Police Defendants"); Special Agent Shawn Van Slyke of the Federal Bureau of Investigation; Nurse Cathy Leopold [1] of St. Vincent Medical Center; and George Wellsby, owner of The Car Corner. Plaintiff alleges that his constitutional rights were violated during a criminal investigation into the kidnaping, rape and attempted murder of an eight-year-old girl.[2]

    **B.     Relevant Procedural History**

Defendant Van Slyke is represented by the U.S. Attorney's Office and has filed a motion for summary judgment. Document # 113. Defendants Emerick, Skindell, McShane, DeBello, and McLaughlin (hereinafter, "City Defendants") are represented together by the City Solicitor's Office and have joined in Defendant Van Slyke's motion for summary judgment. Document # 117. The remaining Defendant, George Wellsby, the owner of The Car Corner, is representing himself and has filed a motion to dismiss. Document # 109.

    **C.     Standards of Review**

        **1.     *Pro Se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim

---

[1] Defendant Leopold has previously been dismissed from this lawsuit.

[2] Plaintiff was convicted of these crimes and is currently serving a lengthy term of incarceration.

if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2.     Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v.

3

Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 3.     Failure to state a claim under the PLRA

The Prison Litigation Reform Act provides that:

> (a) Screening - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A.  Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but is required to do so.  Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  See 28 U.S.C. §1915(e)(2)[3].  Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

---

[3] Title 28 U.S.C. §1915(e)(2) provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

5

The court's obligation to dismiss a complaint under the PLRA is not excused even after the defendants have filed a motion to dismiss if it appears that the complaint fails to state a claim based upon grounds not raised by the defendants in their motion to dismiss.  See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); Palay v. United States, 125 F.Supp.2d 855, 860 (N.D. Ill.  2000).

### D. Statute of limitations

Defendant Van Slyke argues that summary judgment should be granted in his favor because Plaintiff did not file the instant complaint within the statute of limitations period.[4] Without preparing a separate brief, the City Defendants have joined in Defendant Van Slyke's motion.

Statutes of limitations are not "simply technicalities," but rather are "fundamental to a well-ordered judicial system."  Board of Regents v. Tomanio, 446 U.S. 478, 487 (1980) ("Although filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of the, if the concept of a filing deadline is to have any content, the deadline must be enforced.").  The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions.  However, it is well established that the federal courts must look to the relevant state statute of limitations.  Wilson v. Garcia, 471 U.S. 74, 78 (1985).  In Pennsylvania, the statute of limitations is two years from the date of the alleged violation.  See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996).

The events complained of in the complaint occurred on February 21, 2001.  Therefore, in

---

[4] This issue has previously been brought before this Court on a motion to dismiss.  This Court recommended that the motion to dismiss based on the statute of limitations defense be granted. Document # 53. However, in the face of Objections by the Plaintiff claiming that he could not have filed the complaint without the supporting in forma pauperis documentation, Judge McLaughlin declined to adopt the Report and Recommendation, instead opining that "given the undeveloped state of the record," a dismissal based on the statute of limitations issue would be premature at that time.  Document # 57.

6

order to be within the statute of limitations, the complaint should have been filed on or before February 21, 2003.  The complaint was received by the Clerk of Courts on March 5, 2003.

Plaintiff admits that he did not mail the complaint until February 25, 2003, after the applicable statute of limitations had run.  Document # 115, Exhibit 2, Plaintiff's Deposition, pages 64-65 and Exhibit 4, Interrogatories, page 16; see also Document # 47, page 9.[5]   Plaintiff argues that he should be excused from the statute of limitations due to the negligence of prison staff at SCI-Huntingdon in that they did not process his *in forma pauperis* forms in what he considers a timely manner. In his Opposition Brief, Plaintiff argues that he could not mail his complaint in a timely manner because

> 1. Restrictions on the filing instructions explicitly provide that the in forma pauperis forms accompany the complaint when filing if the $150.00 filing fee was not paid; and
>
> 2. Prison officials, being fully made aware that there was a deadline in which Plaintiff had to have the forms mailed out, had deliberately delayed the

---

[5]  It is worth noting that the prison mailbox rule is not applicable in this case.  See Nichols v. Bowersox, 172 F.3d 1068, 1074 (8th Cir. 1999) (explaining "the 'prison mailbox rule' which, as the name suggests, would establish the date of filing as the date on which the prisoner puts the proverbial 'letter' in the proverbial 'mailbox'--in other words, the date on which he or she deposits the petition in the prison mail system."); Longenette v. Krusing, 322 F.3d 758 (3d Cir. 2003).  The prison mailbox rule would only apply in this case if the statute of limitations expired between the time Plaintiff gave the complaint to prison officials for **mailing** to the Clerk of Courts and the time the complaint was received by the Clerk of Courts. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (an inmate's pleadings are deemed filed at the moment the inmate delivers the documents to prison officials to be **mailed**) (emphasis added); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (prison mailbox rule provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for **mailing** to the district court.") (emphasis added); Smith v. Evans, 853 F.2d 155, 156 (3d Cir. 1988) ("[B]ecause we find that [Plaintiff's] motion was out of time before he even gave the motion to prison officials to mail and that prison delay in mailing [Plaintiff's] motion was not therefore a factor in [Plaintiff's] making his motion out of time, we hold that [the prison mailbox rule as enunciated in] the Supreme Court's decision in Houston v. Lack, [] cannot apply to the facts of this case.); Taylor v. Carroll, 2004 WL 1151552 (D. Del. 2004) ("Petition is deemed filed on the date he delivers it to prison officials for **mailing** to the district court.") (emphasis added); GArrick v. Vaughn, 2003 WL 22331774, *3 (E.D. Pa. 2003) ("Delivery for **mailing** is what counts for purposes of the prison mailbox rule.") (emphasis added).  Here Plaintiff admits that he mailed the document after the statute of limitations had already expired. Document # 115, Exhibit 2, Plaintiff's Deposition, page 64-65.

7

> processing of the forms so that the deadline will not be met against the defendants in this case."

Document # 125, page 5. See also Document # 47, page 9. In other words, Plaintiff seeks to have this Court equitably toll the statute of limitations.

The doctrine of equitable tolling "functions to stop the statute of limitations from running where the claim's accrual date has already passed." Ormsby v. Luzerne County Dept. of Public Welfare Office of Human Services, 2005 WL 2184759, at * 1 (3d Cir. Sept. 12, 2005), quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994). Equitable tolling is "proper only when the 'principals of equity would make the rigid application of a limitation period unfair.'" Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003), quoting Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). The plaintiff has the burden of establishing that the equitable tolling doctrine applies. Courtney v. La Salle University, 124 F.3d 499, 505 (3d Cir.1997).

To invoke equitable tolling, a plaintiff must show that he exercised reasonable diligence in bringing his claims. New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997), quoting Oshiver, 38 F.3d at 1390. See also Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir.1997) ("[R]unning throughout the equitable tolling cases is the obligation of the plaintiff to exercise due diligence to preserve his ... claim."). The Third Circuit has instructed that there are three principal situations in which equitable tolling may be appropriate: 1) where the defendant has actively misled the plaintiff regarding the cause of action; 2) **where the plaintiff is some extraordinary way has been prevented from asserting his rights**; and 3) where the plaintiff has timely asserted his rights mistakenly in the wrong forum. Oshiver, 38 F.3d at 1387 (emphasis added).

The first and third theories of equitable tolling are inapplicable here because Plaintiff does not allege that these Defendants actively misled him regarding his cause of action and Plaintiff did not timely assert his rights in the wrong forum. Plaintiff argues that the second *Oshiver* principal applies to the instant matter:

> Surely, in the present case, where prison officials had deliberately or inadvertently hindered Plaintiff's efforts to process and mail the in forma

8

> pauperis forms to the court in a timely manner by delaying their preparation and holding onto them for four (4) days until long after the statute of limitations had expired, his situation qualifies under the second of the three principals described in Oshiver. The Plaintiff had to fully depend on prison officials to complete the forms before the deadline. In spite of having been informed that the deadline was forthcoming, officials had taken their sweet time completing them and returning them back to Plaintiff in time for mailing.

Document # 125, at 17.

Generally, federal courts "invoke the doctrine of equitable tolling only sparingly." United States v. Midgley, 142 F.3d 616 (3d Cir. 1998). See Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000) ("[W]here a guardian conspires to deprive a mentally incompetent person of her constitutional and civil rights, equitable tolling might be appropriate."); Barren v. United States, 839 F.2d 987, 990-1 (3d Cir.1988) (decedent's mental retardation does not provide the court with a basis for tolling the statute of limitations under the extraordinary circumstances prong).

In a case factually similar to the one at hand, a habeas petitioner argued that the statute of limitations should be tolled because a short delay in obtaining the necessary in forma pauperis documentation from prison officials caused him to file his petition outside the statute of limitations. Garrick v. Vaughn, 2003 WL 22331774 (E.D. Pa. September 5, 2003). The district court rejected petitioner's arguments by pointing out that the in forma pauperis requirements are "not an extraordinary circumstance" because "all prisoners who wish to have their federal [...] filing fees waived need to complete such a form." Id. at 3. The court explained that "routine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances must be taken into consideration by a prisoner in deciding when to file a federal petition because these do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations" and "hardships associated with prison conditions do not constitute the rare circumstance under which equitable tolling is granted." Id. at 4.

In the instant case, Plaintiff acknowledges that he did not complete the complaint form until February 12, 2003, just days before the statute of limitations period was to run. In his deposition testimony, when asked when he decided to file the lawsuit, Plaintiff answered that "I decided to file it way before it was actually filed but I was doing other things. I was working on my case at the time, my appeal. I realized that the deadline was coming near for me to file it,

[...] February 12th is when I had prepared and completed it." Document # 115, Exhibit 2, page 54; see also Document # 3, Complaint, signed and dated February 12, 2003. Plaintiff knew that his constitutional rights were allegedly violated on February 22, 2001, yet he did nothing to pursue his rights until February 12, 2003, over twenty-three months later. Plaintiff has not exercised reasonable diligence in bringing his claims to court and therefore his request for equitable tolling should be denied. Irwin v. Veterans Affairs, 498 U.S. 89, 96 (1990). Plaintiff chose not to pursue his rights until the eleventh hour and he did so at his own peril.[6] Summary judgment should be granted in favor of all Defendants.[7]

### E.    Futility of Amendment

In opposition to the motion to dismiss filed by Defendant George Wellsby, Plaintiff moves for leave to file an amended complaint. Document # 111. Plaintiff should not be allowed to amend his complaint against Defendant Wellsby as such an amendment would be futile.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re

---

[6] It does not seem to this Court that prison officials took an inordinate amount of time to process these forms.

[7] The statute of limitations analysis applies with equal force to Defendant Wellsby even though he has not specifically raised such as a basis for the dismissal of this action. Therefore, the complaint should be dismissed against Defendant Wellsby for failure to state a claim pursuant to this Court's authority under the Prison Litigation Reform Act.

10

NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

The amending of the complaint will not overcome the time bar of the statute of limitations. The motion to amend the complaint should be denied.

### III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that:

a)  the motion to dismiss filed by Defendant Wellsby [Document # 109] be DISMISSED as moot in light of the statute of limitations analysis herein;

b)  the motion for leave to file an amended complaint filed by Plaintiff [Document # 111] be DENIED AS FUTILE;

c)  the motion for summary judgment filed by Defendant Van Slyke [Document # 113] be GRANTED; and

d)  the motion for summary judgment filed by Defendants Emerick, Skindell, McShane, DiBello and McLaughlin [Document # 117] be GRANTED.

This Court further recommends that the remainder of this action (i.e., the claims against Defendant Wellsby) be dismissed pursuant to 28 U.S.C. § § 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c) for Plaintiff's failure to state a claim upon which relief may be granted.

By separate Order filed this day, Plaintiff's motion to compel [Document #112] is denied as Plaintiff's discovery requests are not germane to the statute of limitations analysis herein.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: October 28, 2005