IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC LYONS,
  Plaintiff

v.

LT. JOSEPH EMERICK, et al.,
  Defendants

Civil Action No. 03-75 Erie

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

AND NOW, comes the Plaintiff, Eric Lyons, <u>Pro se</u>, Pursuant to 28 U.S.C. §636 (b)(1)(B) and (C), and Local Rule 72.1.4, and respectfully files this timely objection to the Magistrate Judge's Report and Recommendation as entered on October 28, 2005, wherein it has been recommended that:

a) the motion to dismiss filed by Defendant Wellsby (Document # 109) be DISMISSED as moot in light of the statute of limitations;

b) the motion for leave to file an amended complaint filed by Plaintiff (Document # 111) be DENIED AS FUTILE;

c) the motion for Summary Judgment filed by Defendant Van Slyke (Document # 113 be GRANTED; and

d) the motion for Summary Judgment filed by Defendants Emerick, Skindell, McShane, DiBello and McLaughlin (Document # 117) be GRANTED.

The Magistrate further recommends that the remainder of this action (i.e., the claims against Defendant Wellsby) be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. §1997e (c) for Plaintiff's failure to state a claim upon which relief may be granted. By separate Order filed October 28, 2005, the Court denied Plaintiff's motion to compel discovery request (Document # 112) as not being germane to the statute of limitations ruling.

For the reasons set forth below, Plaintiff respectfully objects to the report and recommendation ("R&R" hereinafter) and represents the following.

I. Introduction

Plaintiff is presently a state prisoner incarcerated at the State Correctional Institution at Fayette ("Fayette"). On February 12, 2003, Plaintiff had initiated a civil rights action §1983 while at the State Correctional Institution at Huntingdon ("Huntingdon"). Named within the complaint are Lt. Joseph Emerick, Capt. James Skindell, Det. Gerry McShane, Ofcr. J. DiBello, Det. Tod McLaughlin, all of the Erie Police Department; Special Agent Shawn Van Slyke of the Federal Bureau of Investigation; Nurse Cathy Leopold of St. Vincent Medical Center[1], and George Wellsby, Owner of The Car Corner.

---

[1] Defendant Leopold has previously been dismissed from this lawsuit.

2

The Plaintiff's Complaint averred that all defendants had violated his Constitutional rights during a criminal investigation into his alleged participation into the rape, kidnapping and attempted murder of a young girl.[2] Plaintiff has requested various declaratory and monetary relief.

II. Procedural History

In following Procedures, Plaintiff had sent two (2) in forma pauperis ("IFP") forms to Huntingdon's Business Manager on February 12, 2003 through in-house mail along with instructions that they be completed and returned to Plaintiff for mailing to court before the deadline of February 22, 2003. In spite of Plaintiff's instructions, the Business Manager had purposely withheld and delayed the processing of the IFP until February 21, 2003, but further delayed sending the forms to Plaintiff until February 25, 2003, long after the run on the Statute of limitations.

Defendant Van Slyke is represented by the U.S. Attorney's Office and has filed a motion for summary judgment. Document #113. Defendants Emerick, Skindell, McShane, DiBello and McLaughlin are represented together by the City Solicitor's Office and have joined Defendant Van Slyke's motion for

---

[2] Plaintiff was subsequently tried and convicted for these crimes for which he is serving a length sentence.

Summary Judgment. Document #117. The remaining Defendant, George Wellsby, is representing himself and has filed a motion to dismiss. Document #109.

## III. Questions for Review

A. Does equitable tolling of statute of limitations apply to Plaintiff's case when Prison officials hindered his timely access to the Courts by holding in forma Pauperis forms to prevent mailing?

   Suggested answer in the affirmative.

B. Did Plaintiff exercise due diligence reasonably with bringing his claim to Court?

   Suggested answer in the affirmative.

C. Did Prison officials take an inordinate amount of time to process forms when they were aware that a mailing deadline was very near and had taken the liberty to further withhold forms for several additional days after run on statute of limitations?

   Suggested answer in the affirmative.

D. Does Plaintiff's complaint fail to state a claim against Defendant Wellsby upon which relief may be granted?

   Suggested answer in the negative.

IV. <u>Statute of Limitations</u>

Once again, Defendant Van Slyke argues that summary judgment should be granted in his favor because Plaintiff did not file the complaint papers within the statute of limitations period.[3] Defendants Emerick, Skindell, McShane, DiBella, and McLaughlin have joined in Defendant Van Slyke's motion without filing a separate brief.

The Plaintiff firmly disagrees with this argument.

Certain circumstances in this case require that the statute of limitations be equitably tolled as a matter of law. The events complained of in the complaint occurred on February 22, 2001. On February 12, 2003, the Plaintiff had completed the complaint. However, per an Instruction Sheet from the Clerk of Courts, the in forma pauperis forms had to accompany the complaint when filed if the filing fee was not paid. So Plaintiff could not mail the complaint without the in forma pauperis forms which had to be processed by prison officials. <u>See</u> Document #125, Exhibit C; Exhibit A at ¶¶ 15-16.

---

[3] This issue had been brought before the Court through a previous motion to dismiss or for summary judgment (Document #29). The Magistrate recommended that the motion to dismiss, based on the statute of limitations, be granted. Document #53. On Objection the Plaintiff had asserted that he could not have filed the complaint because the Clerk of Court instructions mandated that supporting in forma pauperis documention had to accompany the complaint when filed and that prison officials intentionally delayed processing the forms to delay a timely mailing of the complaint. Document #55, Exhibit B.

So that the forms would be processed, the Plaintiff had forward the in forma Pauperis forms and the complaint to Huntingdon's Business Manager, Charles Martin, on February 12, 2003, along with a request informing that there was a mailing deadline and that the forms needed to be returned before February 22, 2003. Id.

In spite of the necessary urgency to process the forms as expeditiously as possible, and Mr. Martin's awareness of the specific date of the deadline as well as his awareness of the nature of the lawsuit and its defendants, Mr. Martin purposely procrastinated with completing the forms until February 21, 2003. However, he further waited until February 25, 2003 to return the forms so that Plaintiff could mail them to the Court. Thus it was the result the Clerk's Instruction Sheet and the inordinate delay with Mr. Martin's processing the forms that Plaintiff was late mailing them.

While the mailbox rule is not applicable to this case, the Plaintiff argues that withholding the documents so

---

Judge McLaughlin declined to adopt the Report and Recommendation, opining that "Although complaints are routinely filed every day without either the filing fee or the motion to proceed in forma Pauperis, the Instruction Sheet from the Clerk of Courts could have led this pro se litigant to believe that he could not file his complaint without the accompanying motion for leave to proceed in forma Pauperis and its supporting documentation. Given the undeveloped state of the record, a dismissal based on statute of limitations at this time is premature." Document #57.

as to prevent Plaintiff from mailing them on time is akin to prison officials delaying the mailing once the prisoner places them in their hand to be mailed. The effects of delay in access to the Court are similar.

Prison officials are prohibited from actively interfering with a prisoner's attempts to prepare legal documents or to file them. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996); <u>Ex Parte Hall</u>, 312 U.S. 546, 547-549 (1941). To invoke equitable tolling, the Third Circuit has held that a Plaintiff must show that he exercised reasonable diligence in bringing his claims. <u>New Castle County v. Halliburton NUS Corp.</u>, 111 F.3d 1116, 1126 (3d Cir. 1997), quoting <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1390 (3d Cir. 1994). Three principal situations in which equitable tolling may be appropriate are: 1) where the defendant has actively misled the Plaintiff regarding the cause of action; 2) where the Plaintiff in some extraordinary way has been prevented from asserting his or her rights; or 3) where the Plaintiff has timely asserted his or her rights mistakenly in the wrong forum. <u>Oshiver</u>, 38 F.3d at 1387 (emphasis added). Equitable tolling has been applicable in situations where the delay was caused by judicial actions or omission, government interference, mental incompetence, lack of notice, or actual innocence of the petitioner. <u>Harris v. Vaughn</u>, 129 F. Appx. 684 (3d Cir. (Pa.) 2005). Equitable tolling is not available to a petitioner who neglects his case or ignores his window of opportunity. <u>Id</u>.

7

The Plaintiff in this Case asserts that he had exercised reasonable diligence to bring his Claims to Court. He did not complete the complaint at the last minute or wait until the eleventh hour. The Complaint was completed February 12, 2003, ten days before the limitation Period expired. It would have been mailed on February 12th had not the Instruction Sheet mandated that the in forma Pauperis forms accompany the Complaint when filing. The Instruction Sheet did not inform the Plaintiff that he could mail the Complaint without the accompanyment of the in forma Pauperis form.

So the delay was Partially caused by Judicial actions and omission by way of the Instruction Sheet and is an "extraordinary Circumstance" epitomizing the Cause of delay.

In addition, Plaintiff's delay in filing was furthered by government interferences. Plaintiff had given the in forma Pauperis forms to Prison officials on February 12, 2003, with instructions listing the date of a deadline: February 22, 2003. Process of the forms was intentionally delayed until February 21, 2003. The forms were not returned to Plaintiff until February 25, 2003. Had the forms been returned on the day they were processed — a task that was not unreasonable — Plaintiff could have made a timely filing to fall within the doctrine of the mailbox rule.

However, when Prison officials had intentionally delayed process and return of the forms long past a deadline

which they had ample and advance knowledge was pending, such action - or inaction - was not the result of the "routine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances" to be viewed as similar to steps taken by Garrick in Garrick v. Vaughn, 2003 WL 2233 1774 (E.D. Pa. September 5, 2003), but was purposeful and avoidable.

Unlike Garrick, the Plaintiff had apprised officials that the return of the forms were urgently needed before a specified date so the complaint could be timely mailed. Document # 125, Exhibit A at ¶16. Under this circumstance, to permit equitable tolling, the question the court should consider is not whether it believes the prison official's delay was inordinate but if that delay occurred after officials were given notice that there was a deadline to be met and if officials had taken reasonable steps to insure Plaintiff's deadline would be met. See Miles v. Prunty, 187 F.3d 1104 (9th Cir. 1999) (when extended forces, rather than petitioner's lack of diligence, account for failure to file a timely claim, equitable tolling of statute may be appropriate).

As a guidance for the district courts, the Third Circuit observed that equitable tolling is proper when the "Principals of equity would make [the] rigid application [of a limitation period] unfair." Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), quoting Shendock v. Director, Office of Workers' Compensation Programs, 893 F.2d 1458, 1462 (3d Cir. 1990). Thus it would be unfair to the Plaintiff under the present circumstances of this case to deny equitable tolling as result of government interference and due to Judicial action and omission caused by the Instruction Sheet.

V. Statement of Claim

The question on this issue is whether Plaintiff's complaint failed to state a cognizable claim against Defendant Wellsby upon which relief may be granted? Plaintiff's suggested answer is in the negative.

A motion to dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(6) must be viewed in light most favorable to the Plaintiff and all well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989). The motion cannot be granted unless the Court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

The issue is not whether the Plaintiff will prevail at the end but only whether if he should be entitled to offer evidence to support his claim. Neitzke, supra; Scheuer v. Rhodes, 419 U.S. 232 (1974). The Court does not resolve factual disputes at this stage.

Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Id. Fed.R.Civ.P. 8(a). Hence,

10

Federal Court Complaints generally need only give "fair notice of what the Plaintiff's Claim is and the grounds upon which it rests." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990). This requirement of stating a claim is satisfied if the Complaint alleges specific conduct violating the Plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989), See also Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992)(a complaint need only "outline ... a violation of the statute or Constitutional Provision upon which the Plaintiff relies ... and connect the violation to the named defendants.")(citation omitted)

    If a Plaintiff amends a Complaint, Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment etc. — the leave sought sought should, as the rules require,

be freely given." Faman v. Davis, 371 U.S. 178, 182 (1962). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

In this case, Defendant George Wellsby filed a motion to dismiss the complaint on the basis that Plaintiff failed to state a claim. Document #109. By Order of the Court (Document #110) Plaintiff was instructed to file a response and amend the complaint to cure any procedural defects. While Plaintiff believes he had stated a sufficient claim against Defendant Wellsby in his initial complaint, he had accepted the option to amend the complaint to clarify the facts of Defendant Wellsby's erroneous involvement. Document #111. However, and on the contrary, Plaintiff did not fail to state a claim against Defendant Wellsby in his initial filing.

The primary reason the Magistrate has recommended the dismissal of the complaint against Defendant Wellsby is due to the statute of limitations analysis, not because failure to state a claim was made. Thus, in light of Plaintiff's previous argument on the merits of the statute of limitations, Plaintiff request that the Court not adopt the Magistrate's R&R on Defendant Wellsby and grant Plaintiff leave to amend his complaint accordingly.

## VI. CONCLUSION

WHEREFORE, based upon the foregoing reasons, the Plaintiff, Eric Lyons, respectfully requests that this Honorable Court grant his Objection to the Magistrate Judge's Report and Recommendation and reinstate this matter for trial.

Respectfully submitted,

*E. Jetson Lyons*
Eric J. Lyons, Pro se
50 Overlook Drive, Ex 1127
LaBelle, PA 15450

Dated: November 7, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC LYONS, Plaintiff

v.

LT. JOSEPH EMERICK, et al.,
Defendants

Civil Action No. 03-75 Erie

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served a true and correct copy of the within Objections upon the following via first class mail on November 7, 2005.

Megan E. Farrell, Esq.
700 Grant Street, Ste. 4000
Pittsburgh, PA 15219

Gerald Villella, Esq.
626 State Street, Rm. 505
Erie, PA 16501

George Wellsby
1177 East Gore Rd.
Erie, PA 16504

E. Jetson Lyons
Eric J. Lyons, Pro Se
50 Overlook Dr., EX1127
LaBelle, PA 15450

November 7, 2005

Clerk of Courts
P.O. Box 1820
Erie, PA 16507

    In Re: Lyons v. Emerick, et al.,
        C.A. No. 03-75 Erie

Dear Clerk:

    Enclosed is an original and one (1) copy of Plaintiff's Objection to the Magistrate R&R to be presented to the Court for consideration. All Parties of record have been served accordingly.

    Thank you for your attention.

                        Very truly yours,

                        E. Jetson Lyons
                        Eric J. Lyons, Ex1127
                        50 Overlook Drive
                        LaBelle, PA 15450

C: All Parties of record
    Enclosure