**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **ERIC J. LYONS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **C.A. No. 03-75 Erie** |
| | ) | **District Judge McLaughlin** |
| **LT. JOSEPH EMERICK, et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

On March 11, 2003, Plaintiff, an inmate incarcerated at the State Correctional Institution at Huntingdon in Huntingdon, Pennsylvania, filed the instant civil rights action. Named as Defendants are: Lt. Joseph Emerick, Captain James Skindell, Detective G. McShane, Officer J. DeBello, and Officer McLaughlin, all of the Erie Police Department; Special Agent Shawn Van Slyke of the Federal Bureau of Investigation; Nurse Cathy Leopold[1] of St. Vincent Medical Center; and George Wellsby, owner of The Car Corner. Plaintiff alleges that his constitutional rights were violated during a criminal investigation and his subsequent arrest involving the kidnaping, rape and attempted murder of a young girl.

Plaintiff's complaint was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

By Report and Recommendation dated October 28, 2005, Magistrate Judge Baxter recommended that: the motion to dismiss filed by Defendant Wellsby [Document # 109] be DISMISSED as moot; the motion for leave to file an amended complaint filed by Plaintiff [Document # 111] be DENIED AS FUTILE; the motion for summary judgment filed by Defendant Van Slyke [Document # 113] be GRANTED; and the motion for summary judgment

_____

[1] Nurse Leopold has previously been dismissed from this case.

1

filed by Defendants Emerick, Skindell, McShane, DiBello and McLaughlin [Document # 117] be GRANTED.  Document # 129.  Magistrate Judge Baxter specifically found that Plaintiff had filed the complaint outside of the statute of limitations period and that there were no extraordinary circumstances that justified the equitable tolling of the limitations period.  The parties were allowed ten days from the date of service to file Objections to the Report and Recommendation.

Objections were filed by Plaintiff on November 9, 2005.

Following a *de novo* review of the record and pleadings in this case, this Court concludes, as did the Magistrate Judge, that an administrative delay in returning Plaintiff's institutional account statement to him did not constitute an extraordinary circumstance for the purposes of equitably tolling the statute of limitations.[2]  In addition to Garrick v. Vaughn, 2003 WL 22331774 (E.D. Pa. 2003), relied upon by the Magistrate Judge, we find the following additional cases instructive.  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1271) (holding that equitable tolling of motion to vacate, set aside or correct sentence was inappropriate where motion was sent by ordinary mail less than one week before its due date and the untimely mailing could have been avoided by mailing it earlier); Hartman v. Carroll, 2004 WL 2713104, at *4 (D.Del. 2004) ("[L]imited access to the law library and the internet do not necessarily warrant equitable tolling of the limitations period."); Holman v. Sobina, 2004 WL 1196651 (E.D. Pa. 2004) (holding that the inadequacy of prison legal materials is not the kind of extraordinary circumstances that would warrant equitable tolling.); Taylor v. Carroll, 2004 WL 1151552, at *5 (D.Del. 2004) ("[T]he court concludes that petitioner's alleged limited library

---

[2]  We also note that there was nothing that would have prevented the Plaintiff from filing the complaint even without a certified copy of his institutional account statement.  Plaintiff's alleged erroneous conclusion to the contrary is of no moment as a mistake or lack of knowledge of the law does not serve to toll the statute of limitations.   Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir.2002), cert. denied 538 U.S. 1022 (2003) (holding attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling);  Williams v. Sims, 390 F.3d 958, 963 (7th Cir.2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling.").

access does not warrant equitably tolling the one-year filing period."); <u>Perry v. Vaughn</u>, 2003 WL 22391236, at *4 (E.D. Pa. 2003) ("A lockdown and limited library access alone do not support a finding that the statute [of limitations] must be equitably tolled."); <u>Miller v. Marr</u>, 141 F.3d 976 (10th Cir. 1998).

In short, the record here conclusively establishes that Plaintiff did not exercise "reasonable diligence" in bringing his claims to court.  <u>Garrick</u>, at * 2.  Plaintiff has not demonstrated that the untimely filing was "both beyond his control and unavoidable even with diligence."  <u>Sandvik</u>, at 1271.

AND NOW, this 15th day of November, 2005;

Following a *de novo* review of the pleadings in this case,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Baxter, dated October 28, 2005, is adopted as the opinion of this Court.  The Clerk is directed to mark this case closed.

<u>S/ Sean J. McLaughlin</u>
Sean J. McLaughlin
United States District Judge

3