DPS-253                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1158
_____

ERIC LYONS,

Appellant

v.

LT. JOSEPH EMERICK; CAPT. JAMES SKINDELL;
DET. G. MCSHANE; SPECIAL AGENT SHAWN VAN SLYKE;
OFFICER J. DIBELLO; L.P.N. CATHY LEOPOLD;
BUSINESS OWNER GEORGE WELLSBY The Car Corner;
OFFICER MCLAUGHLIN

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00075)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 22, 2006

Before:  FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed July 7, 2006)
_____

OPINION
_____

PER CURIAM

Eric Lyons appeals from the District Court's order of summary judgment. Because Lyons' appeal presents no substantial question, we will grant the Appellees' motions for summary affirmance.

On February 21, 2001, Eric Lyons brought his car to be serviced at The Car Corner, a garage operated by defendant George Wellsby. According to Lyons' amended complaint, instead of servicing his car, Wellsby searched its interior and then called the police. A few hours later, Lyons agreed to accompany defendants Lieutenant Joseph Emerick, Captain James Skindell, and Detective G. McShane of the Erie County Police Department, and Special Agent Shawn Van Slyke of the Federal Bureau of Investigation, to the local police station to answer questions regarding the rape of an eight-year old girl. Lyons claims that, after he had answered their questions, the officers fingerprinted and photographed him against his will. He claims that Skindell and Van Slyke punched him in the stomach and face in order to get him to comply with their orders to pose for the photograph. The officers then, along with defendant Officer McLaughlin of the Erie Police Department, drove Lyons to St. Vincent Health Center where they were joined by defendant Officer J. DiBello.

At St. Vincent, defendant Cathy Leopold, the Forensic Nurse Examiner, took a blood sample and a sample of Lyons' pubic hair. According to Lyons, when Leopold began to remove his pants to obtain a sample of his pubic hair, he announced that it violated his religious beliefs to be naked in front of a female and became agitated. At this

2

point, Lyons claims, the officers beat him into submission so that Leopold was able to obtain the necessary samples.  Lyons attempted to suppress the samples and photographs at trial, and failed.  He was eventually convicted for the kidnaping, rape, and attempted murder of the eight-year old.

On February 25, 2003, Lyons filed a pro se civil rights complaint in the United States District Court for the Western District of Pennsylvania.  In his complaint Lyons claimed that defendant Wellsby's search of his car, his seizure at the police station and the subsequent taking of hair and blood samples were unreasonable, in violation of his rights under the Fourth and Fourteenth Amendments.  He also claimed that the taking of his blood and pubic hair samples violated his religious freedom guaranteed by the First and Fourteenth Amendments.  Finally, he claimed that, in the course of their investigation, Van Slyke and the Erie County police officers used excessive force.

The defendants moved to dismiss the suit, alleging, inter alia, that Lyons' claims were barred by the statute of limitations.[1]  However, the District Court allowed the suit to proceed leaving open the possibility that Lyons was eligible for equitable tolling.  On September 24, 2005, the District Court adopted the Magistrate Judge's Recommendation granting defendants' summary judgment on Lyons' First Amendment and unreasonable search and seizure claims based on Heck v. Humphrey, 512 U.S. 477 (1994), and collateral estoppel.  On November 15, 2005, the District Court adopted the Magistrate

---

[1]Defendant Wellsby answered pro se, and did not assert any affirmative defenses, but the statute of limitations analysis applies to the claim against him as well.

Judge's Recommendation granting summary judgment to the defendants on the remaining excessive force claims. Because we find that all of Lyons' claims are clearly barred by the applicable statute of limitations, we will affirm.[2]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary, and we apply the same standard as that applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper only if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. Id. at 232. We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir. 1999).

The statute of limitations for bringing a civil rights suit under § 1983 is the same as the state statute of limitations for bringing a personal injury action. See Kost v. Kozatkiewicz, 1 F.3d 176, 190 (3d Cir. 1993). In Pennsylvania, that period is two years. Id.; see 42 Pa. CON. STAT. § 5524. The statute begins to run from the date the plaintiff became aware that his constitutional rights were violated. Sameric Corp. of Delaware,

---

[2]We need not decide whether Heck bars Lyons' unreasonable search and seizure claims in this case. See Gibson v. Superintendant of New Jersey Department of Law and Public Safety- Division of State Police, 411 F.3d 427, 449 (3d Cir. 2005) (holding that a determination whether Heck applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry). If Heck applies, then Lyons' Fourth Amendment claims do not accrue until his conviction is invalidated. In that case, too, his claims would be properly dismissed. Either way, the result is the same.

Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Because Lyons became

aware of the alleged constitutional violations on February 21, 2001, the limitations period

for filing his suit expired on February 22, 2003, three days before he delivered his

complaint to prison authorities for mailing.

Lyons claims that he is entitled to equitable tolling because prison authorities

prevented him from bringing his claims within the limitations period. He claims that

prison authorities' excessive delay in delivering him his prison account statement for the

purpose of filing his application for in forma pauperis prevented his compliance with the

statute of limitations. His complaint was complete by February 12, 2003, ten days before

the deadline to file, when he requested his prison account statement. It was during the

thirteen days that Lyons waited for prison authorities to furnish him with his account

statement that the limitations period expired.

In order to avoid dismissal of his complaint for failure to comply with § 1983's

statute of limitations, Lyons must show that the limitations period should be equitably

tolled. Generally, like the statute of limitations, tolling rules in § 1983 actions are taken

from the rules of the forum state, unless they conflict with federal law or policy. See 42

U.S.C. § 1988; Hardin v. Straub, 490 U.S. 536, 539 (1989). The tolling rules for personal

injury actions in Pennsylvania are stricter than their federal analogue. See Lake v.

Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Absent fraud or concealment, judicial

extensions of the statute of limitations are expressly forbidden.[3]  <u>See</u>  42 PA. CONST. ANN. § 5504(a) ("[T]he time limited by this chapter shall not be extended by [judicial] order, rule or otherwise"); <u>see</u> <u>also</u> <u>Aivazoglou v. Drever Furnaces</u>, 613 A.2d 595, 598 (Pa. Super. 1992).

Lyons would find no relief even under the more lenient federal equitable tolling rules.  Federal statutes of limitations may sometimes be equitably tolled "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights." <u>Oshiver v. Levin, Fishbein, Sedran &Berman</u>, 38 F.3d 1380, 1387 (3d Cir. 1994). Further, in order to be eligible for equitable tolling, a plaintiff must exercise "reasonable diligence in investigating and bringing [his or her] claims."  <u>New Castle County v. Halliburton NUS Corp.</u>, 111 F.3d 1116, 1126 (3d Cir. 1998).  The fact that Lyons missed his deadline for filing suit while he was waiting on prison officials to respond to his request for his account statement does not justify the tolling of the statute of limitations in this case.  Despite the fact that Lyons had two years to file his complaint, he waited until the last minute when his schedule was derailed by a delay for the paperwork necessary to file his complaint <u>in</u> <u>forma</u> <u>pauperis</u>.  Lyons did not exercise reasonable diligence in pursuing his claims and, thus, is not eligible for equitable tolling.  <u>See</u> <u>Pace v.</u>

---

[3]The only exception is the discovery rule, which tolls the limitations period during the time that an injury is undiscoverable through due diligence.  <u>See</u> <u>e.g.</u> <u>Dalrymple v. Brown</u>, 549 Pa. 217, 223 (1997).  However, the discovery rule plainly provides no relief to Lyons, whose constitutional violations were apparent at the time of injury.

<u>DiGuglielmo</u>, 544 U.S. 408, 419 (2005) ("Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem.")

 In short, upon consideration of the submissions in this case, we conclude that his appeal presents us with no substantial question.  <u>See</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6.  Accordingly, we grant the Appellees' motion for summary affirmance and will affirm the District Court's order.